**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ALEXANDER L. WILD | |
| Plaintiff, | |
| v. | **DEMAND FOR JURY TRIAL** |
| ORKIN, LLC | CIVIL ACTION NO. |
| Defendant. | |

**COMPLAINT**
_____

Plaintiff Alexander L. Wild ("Wild"), by and through his undersigned

attorneys, states his claims against Defendant Orkin, LLC ("Orkin"), as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.     Wild is an individual who resides in Austin, Texas.

2.     Orkin is a limited liability company organized and existing under the

laws of the State of Delaware and is registered to do business in the State of

Georgia.  Orkin's principal place of business is at 2170 Piedmont Road, Atlanta,

Georgia 30324-4135.  Orkin may be served through its registered agent, Prentice

Hall Corporation, at 40 Technology Parkway South, #300, Norcross, Georgia 30092.

3.      This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.*  This Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (copyright jurisdiction).

4.      This Court has personal jurisdiction over Orkin by virtue of its presence in this District and its transacting, doing, and soliciting business in this District.

5.      Venue is proper under 28 U.S.C. § 1391 (b)(1-2), (c)(2), and (d), and 28 U.S.C. § 1400(a).

## FACTUAL BACKGROUND

6.      Wild is a professional photographer who makes his living taking, licensing, and selling his photographs.

7.      Between 2005 and 2012, Wild photographed insects, including the six photographs shown here:









4





(collectively, the "Photographs").

8.     During that time, Wild displayed his Photographs on both the website he owned for his photography business at http://www.alexanderwild.com/ and his blog at http://www.myrmecos.net (together the "Websites").

9.     On http://www.alexanderwild.com/, Wild displayed his copyright notice with the copyright symbol and the web address "alexanderwild.com" in the form of a visible watermark, as shown on the Photographs above (the "Copyright Notice").

10.    At all times herein mentioned, Wild also included his copyright notice on every page of the Websites adjacent to the photographs notifying viewers that his photography was protected by his copyright.

11.    In or about January 2012, Wild discovered that Orkin reproduced and displayed derivative works of the Photographs (the "Infringements") on Orkin's website at http://www.orkin.com ("Orkin.com") (as shown in Exhibit A).

12.    Orkin displayed the Infringements without the Copyright Notice or any other attribution to Wild (as shown in Exhibits A and B).

13.    On http://www.orkin.com/ants/bigheaded-ant/, http://www.orkin.com/ants/citronella-ant/, http://www.orkin.com/ants/odorous-ant/, http://www.orkin.com/ants/, and http://www.orkin.com/ants/images/, Orkin

included its copyright notice at the bottom of the page with the copyright symbol, "Orkin, LLC," and the current year, as shown below:



(the "Orkin's Notice").

14. On January 12, 2012, Wild sent a letter to Orkin giving notice that the reproduction, display, and distribution of the Infringements on Orkin.com were unauthorized and asking Orkin to cease any use of the Infringements.

15. Despite this notice, Orkin continued to display the Infringements.

16. On January 29, 2014, Wild, through his attorney, sent a letter to Orkin giving notice that the continued reproduction, display, and distribution of five of the Infringements on Orkin.com were unauthorized and asking Orkin to cease any use of those Infringements.

17. On March 19, 2014, Wild, through his attorney, sent an email to Orkin giving notice that the continued reproduction, display, and distribution of the Infringements, including a sixth, on Orkin.com were unauthorized.

7

18.     Orkin continued displaying and distributing four of the Infringements
until on or about May 1, 2014.

19.     Orkin, at the time of the filing of this lawsuit, continues to display two
of the Infringements at http://www.orkin.com/ants/images/,
http://cdn.orkin.com/images/ants/argentine-ant-image_1560x1107.jpg, and
http://cdn.orkin.com/images/ants/citronella-ant_720x484.jpg.

20.     Upon information and belief, Orkin accessed the Photographs through
the Websites.

21.     Orkin displayed the Infringements on Orkin.com to market and
advertise its pest control services.

22.     Upon information and belief, Orkin had both the legal right and the
ability to stop the direct infringement of the Photographs.

23.     Upon information and belief, Orkin gained a direct financial benefit
from the direct infringement of the Photographs.

24.     Orkin knew of its possession of specific infringing material but failed
to purge such material.

25.     The Photographs in perspective, orientation, positioning, lighting and
other details are entirely original, distinctive, and unique. As such, the Photographs
are subject matter protectable under the Copyright Act.

8

26.     Wild is and always has been the sole proprietor of all rights, title, and interest in and to the copyrights in the Photographs.  Wild is the author of the Photographs and is the owner of the copyrights therein, pursuant to 17 U.S.C. § 201.

27.     Wild never authorized Orkin to reproduce, display, create derivative works of, or distribute the Photographs.

28.     Wild complied with all respects with the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, as amended, and all other laws and regulations governing copyrights and secured the exclusive rights and privileges in and to the copyrights for the Photographs.

29.     The Register of Copyrights for the U.S. Copyright Office issued to Wild the following Certificates of Registration for the copyrights to the Photographs:

- VAu 699-806, effective April 12, 2006;
- VAu 962-461, effective January 22, 2008;
- VAu 979-301, effective January 1, 2009; and
- VAu 1-084-251, effective November 17, 2011.

## FIRST CAUSE OF ACTION

### Copyright Infringement – 17 U.S.C. §§ 101 *et seq.*

30.    Wild re-alleges and incorporates by reference paragraphs 1 through 29 above.

31.    Orkin violated Wild's exclusive rights granted in 17 U.S.C. § 106, specifically his exclusive rights to: (1) reproduce the copyrighted work in copies; (2) prepare derivative works based on the copyrighted work; (3) distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending; and (4) display the copyrighted work publicly.

32.    As Orkin continued to reproduce, display, and distribute the Infringements at least until May 2014, all claims of infringement are within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

33.    As a direct and proximate result of its wrongful conduct, Orkin has realized and continues to realize profits and other benefits rightfully belonging to Wild for the Photographs.  Accordingly, Wild is entitled to and seeks an award of actual damages and profits pursuant to 17 U.S.C. § 504(b).

34.    In the alternative, Wild is entitled to and seeks statutory damages for Orkin's infringements of the Photographs, including attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(c)(1) and 505.

10

35.     Despite Wild's copyright notice on or copyright notice adjacent to each of the Photographs and Orkin's knowledge that the Infringements were unauthorized derivative works of the Photographs, Orkin induced, caused, and materially contributed to the direct copyright infringements, making Orkin contributorily liable for the infringements.

36.     As Orkin had both the legal right and the ability to stop the direct infringement of the Photographs, and gained a direct financial benefit from the direct infringement of the Photographs, Orkin is vicariously liable for the infringements.

37.     The infringements by Orkin were willful and performed with knowledge that the reproduction, display, and distribution of the Photographs were unauthorized; Wild is therefore entitled to the recovery of enhanced statutory damages pursuant to 17 U.S.C. 504 (c)(2).

## SECOND CAUSE OF ACTION

### Digital Millennium Copyright Act Violations – 17 U.S.C. §§ 1201 *et seq.*

38.     Wild re-alleges and incorporates by reference paragraphs 1 through 29 above.

39.     Orkin's Notice constitutes copyright management information pursuant to 17 U.S.C. § 1202(c)(2), (3) and (7).

11

40.    Upon information and belief, Orkin knew or should have known that Orkin's Notice was false and that Orkin distributed copyright information that was false with the Infringements in violation of 17 U.S.C. § 1202(a).

41.    Upon information and belief, Orkin's provision of false copyright management information was with the intent to induce, enable, facilitate, or conceal copyright infringement of the Photographs.

42.    The Copyright Notice on and other copyright notices adjacent to the Photographs constitute copyright management information pursuant to 17 U.S.C. § 1202(c)(2), (3) and (7).

43.    Upon information and belief, Orkin, without the authority of Wild or the law, intentionally removed Wild's copyright management information from each the Photographs.

44.    Orkin then distributed the Infringements knowing that Wild's copyright management information had been removed, and knowing or having reasonable grounds to know that such removal or alteration would induce, enable, facilitate, or conceal copyright infringement in violation of 17 U.S.C. § 1202(b).

45.    Despite Wild's Copyright Notice on or copyright notice adjacent to each of the Photographs and Orkin's knowledge that the Infringements were unauthorized derivative works of the Photographs, Orkin induced, caused, and

12

materially contributed to the violations of 17 U.S.C. § 1202(a) and (b), making Orkin contributorily liable for the violations.

46.     As Orkin had both the legal right and the ability to stop the violations of 17 U.S.C. § 1202(a) and (b), and gained a direct financial benefit from the direct infringement of the Photographs, Orkin is vicariously liable for those violations.

47.     As a direct and proximate result of Orkin's wrongful conduct, Wild has suffered damages and so is entitled to the remedies set forth under 17 U.S.C. § 1203.

48.     Specifically, Wild is entitled to and seeks actual damages pursuant to 17 U.S.C. § 1203(c)(2).

49.     In the alternative, Wild is entitled to and seeks statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B), and costs of litigation and attorneys' fees pursuant to 17 U.S.C. § 1203(b)(4-5).

## PRAYER FOR RELIEF

WHEREFORE, Wild prays that this Honorable Court:

1.      Issue an order that Orkin's unauthorized conduct violates Wild's rights under the Federal Copyright Act at 17 U.S.C. §101, et seq.;

2.     Order Orkin to account to Wild for all gains, profits, and advantages derived from its infringements of the Photographs;

3.     Order Orkin to pay Wild all profits and damages in such amount as may be found pursuant to 17 U.S.C. § 504(b) (with interest thereon at the highest legal rate) for its infringements of the Photographs;  alternatively, maximum statutory damages in the amount of $30,000 for each infringement of the Photographs pursuant to 17 U.S.C. § 504 (c)(1); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

4.     Award Wild maximum statutory damages in the amount of $150,000 for each of Orkin's willful infringements of Wild's copyrights in the Photographs pursuant to 17 U.S.C. § 504 (c)(2); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

5.     Award Wild actual damages suffered and profits for each violation of 17 U.S.C. § 1202 (a) and (b), pursuant to 17 U.S.C. § 1203(c)(2); or such other amount as may be proper pursuant to 17 U.S.C. § 1203;

6.     Award Wild maximum statutory damages in the amount of $25,000 for each violation of 17 U.S.C. § 1202 (a) and (b), pursuant to 17 U.S.C. § 1203(c)(3)(B); or such other amount as may be proper pursuant to 17 U.S.C. § 1203;

14

7.     Order Orkin to pay Wild his costs of litigation and reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203;

8.     Order Orkin to deliver to Wild all copies of the Photographs and all other materials containing such infringing copies of the Photographs in their possession, custody or control;

9.     Order Orkin, its agents, and its servants to be enjoined during the pendency of this action and permanently from infringing the copyrights of Wild in any manner and from reproducing, distributing, displaying, or creating derivative works of the Photographs; and

10.    Order such other and further relief as this Honorable Court deems just and equitable.

**Wild demands a jury trial on all of the foregoing counts.**

This 31st day of December, 2014.

Respectfully submitted,

**LAW OFFICE OF CAROLYN E. WRIGHT, LLC**

*Evan A. Andersen*

EVAN A. ANDERSEN
Georgia Bar No. 377422
CAROLYN. E. WRIGHT
Georgia Bar No. 777718

P.O. Box 250208
Atlanta, GA  30325
404-496-6606 (telephone)
775-580-7322 (facsimile)
evan@photoattorney.com

*Counsel for Plaintiff Wild*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1.C</u>

Counsel for Wild hereby certifies that this pleading was prepared in Times

New Roman font, 14 point, in compliance with Local Rule 5.1.C.

This 31st day of December, 2014.

Respectfully submitted,

**LAW OFFICE OF CAROLYN E. WRIGHT, LLC**

_____
EVAN A. ANDERSEN
Georgia Bar No. 377422

P.O. Box 250208
Atlanta, GA  30325
404-496-6606 (telephone)
775-580-7322 (facsimile)
evan@photoattorney.com

_Counsel for Plaintiff Wild_